# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JERMAINE BIBBS, a/k/a Jermaine Bibs, ) ) Petitioner, ) ) v. ) ) FLOYD BONNER, JR., Shelby County ) Sheriff, ) ) Respondent. ) | No. 2:20-cv-02072-TLP-tmp |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND MOTION TO SUBSTITUTE COUNSEL, DENYING PETITION FILED UNDER 28 U.S.C. § 2254, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Jermaine Bibbs[1] petitioned pro se under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody ("§ 2254 Petition"). (ECF No. 1.) Respondent Floyd Bonner, Jr. moves to dismiss the petition (ECF Nos. 16 & 17), and also moves to substitute counsel (ECF No. 18). Petitioner has not responded to the motions, and the period for filing a response has ended.

For good cause shown, the Court **GRANTS** Respondent's motion to substitute counsel. The Court respectfully **DIRECTS** the Clerk to replace Meredith Wood Bowen with Nicholas Bolduc as Respondent's counsel of record. And for the reasons below, the Court **GRANTS** Respondent's motion to dismiss and **DENIES** Petitioner's § 2254 Petition as time-barred.

---

[1] Petitioner is an inmate at the Shelby County Correctional Center in Memphis, Tennessee. His booking number is 317776.

## BACKGROUND

**I.     Petitioner's State Court Procedural History**

On November 3, 2015, Petitioner pleaded guilty in Shelby County Criminal Court to bribery of a witness, coercion, and property theft. (*See* ECF No. 1 at PageID 1; *see also* ECF No. 16-1 at PageID 79.)  He did not appeal.

On May 11, 2016, Petitioner petitioned pro se for state post-conviction relief.[2] (*See* ECF No. 16-1 at PageID 134–37.)  On May 12, 2017, the post-conviction trial court dismissed the petition, noting that "petitioner's sentence has expired and has been fully satisfied." (*Id.* at PageID 95–96.)  The court further noted that Petitioner was no longer in custody and willfully failed to appear for the evidentiary hearing. (*Id.*)  Petitioner again did not appeal the dismissal. (*See* ECF No. 17-1 at PageID 334.)

**II.    Petitioner's § 2254 Petition**

Petitioner's § 2254 Petition alleges one ground for relief: "[t]hey violated all my rights d[ue] to my plea order."  (ECF No. 1 at PageID 5.)  He argues that the judge gave him two six-year sentences and a two-year sentence to run concurrently, while he was doing an eight-year sentence.  (*Id.*)  He contends that "they made it look like I am doing 14 years after I only had a week left on my 8 year" sentence.  (*Id.*)  As relief, Petitioner seeks to "get all [his] correct pretrial/trial credits" and any other jail credits.  (*Id.* at PageID 14.)

## ANALYSIS OF PETITIONER'S CLAIMS

Respondent argues that Petitioner petitions for habeas relief 596 days after the one-year statute of limitations expired.  (ECF No. 17-1 at PageID 333.)  Moreover, Petitioner has not

---

[2] Petitioner's appointed counsel later amended the petition on October 3, 2016.  (ECF No. 16-1 at PageID 85–93.)

demonstrated a basis for equitable tolling. (*Id.* at PageID 335.) As a result, Respondent argues that the Court should dismiss the § 2254 Petition. The Court agrees.

## I.    Petitioner's § 2254 Petition and the Statute of Limitations

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant habeas corpus relief for persons in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And under § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner did not appeal his conviction, it became final no later than the expiration of the time for taking a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see Jimenez v.*

3

*Quarterman*, 555 U.S. 113, 118–19 (2009). Here, the Court entered judgment when Petitioner pleaded guilty on November 3, 2015, and the time for taking a direct appeal expired thirty days later, December 3, 2015. *See* Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final thirty days after court accepts plea agreement and imposes sentence). Thus the statute of limitations began the following day, on December 4, 2015.

Under 28 U.S.C. § 2244(d)(2), Petitioner tolled the limitations period on May 11, 2016, when he submitted his post-conviction petition to prison authorities for mailing. *See* Tenn. Sup. Ct. R. 28, § 2(G). By that time, 158 days of the one-year limitations period had elapsed. Then on May 12, 2017, the post-conviction trial court dismissed the petition. (ECF No. 16-1 at PageID 95–96.) Because Petitioner did not appeal that ruling, the running of the limitations period recommenced after the period for filing a post-conviction appeal expired, on June 13, 2017. And the statute of limitations expired 207 days later, on January 7, 2018.[3]

Petitioner signed his § 2254 Petition on January 24, 2020—more than two years after the statute of limitations expired.[4] And so the § 2254 Petition is time-barred.

## II.    Equitable Tolling of the Statute of Limitations

The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–49 (2010). "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

---

[3] Because the last day of the limitations period fell on Sunday, January 6, 2018, Petitioner had until the end of the next business day to file a timely § 2254 petition. Fed. R. Civ. P. 6(a)(C).
[4] Respondent's calculation runs the statute of limitations from the date when the post-conviction process was no longer pending under § 2244(d)(2), instead of the date the judgment became final with the addition of the tolling period for the state post-conviction process. (*See* ECF No. 17-1 at PageID 335.)

4

circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds as recognized in Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012). But "the doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

What is more, "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. And a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner here makes no argument for equitable tolling. (*See* ECF No. 1 at PageID 13; *see also* ECF No. 17-1 at PageID 336.) He therefore fails to meet his burden of showing that equitable tolling applies in this case.

## CONCLUSION

Petitioner's § 2254 Petition is time-barred, and he is not entitled to equitable tolling. The Court therefore **DISMISSES WITH PREJUDICE** his § 2254 petition. The Court will enter judgment for Respondent.

## APPELLATE ISSUES

A petitioner is not always entitled to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772–73 (6th Cir. 2005). The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254

5

Cases in the United States District Courts.  A petitioner may not appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

The court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A petitioner makes a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding prisoner must show reasonable jurists could disagree with the district court's resolution of constitutional claims).  And the petitioner does not have to show that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same).  But courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

Here, the statute of limitations bars Petitioner's claims.  Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA.  For the same reasons, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal here would not be taken in good faith.  Thus, the Court **DENIES** leave to appeal in forma pauperis.[5]

**SO ORDERED**, this 19th day of November, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).